957 F.2d 912
 146 L.R.R.M. (BNA) 3088, 294 U.S.App.D.C. 163
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NATIONAL TREASURY EMPLOYEES UNION, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
 No. 91-1262.
 United States Court of Appeals, District of Columbia Circuit.
 March 20, 1992.
 
 Before RUTH BADER GINSBURG, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the administrative record from the Federal Labor Relations Authority and on the briefs and oral argument of counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the petition for review of an order of the Federal Labor Relations Authority is denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 During collective bargaining, the National Treasury Employees Union submitted the following proposal to the Department of Commerce, Patent and Trademark Office:
 
 
 5
 Consistent PTO-wide, employees shall receive annual performance awards based on the employees' rating in accordance with the following formula:
 
 Outstanding: 3% of salary
 Commendable: 2% of salary
 
 6
 ... If budgetary constraints do not permit management to meet the above, the agency shall notify the Union at the earliest date, and the Union may reopen this Article for negotiations.
 
 
 7
 The PTO stated that this proposal was inconsistent with 5 C.F.R. § 430.503(c)(1), a government-wide regulation issued by the Office of Personnel Management, and was therefore non-negotiable. See 5 U.S.C. 7117(a)(1). The OPM regulation provides:
 
 
 8
 Agency procedures for making performance award determinations must include a requirement for review and approval of each determination by an official of the agency who is at a higher level than the official who made the initial decision, unless there is no official at a higher level in the agency....
 
 
 9
 5 C.F.R. § 430.503(c)(1) (1990). (Section 430.503(c)(1) has since been modified in part and moved to 5 C.F.R. § 430.504(d), but it retains the requirement that performance award determinations be reviewed and approved at a higher level. See 56 Fed.Reg. 20331, 20333 (May 3, 1991).)
 
 
 10
 The NTEU appealed to the FLRA, which upheld the PTO's position. According to the Authority, the union's proposal was inconsistent with the OPM regulation because the proposal (1) eliminated the discretion of the reviewing official to disapprove an award on any basis other than budgetary constraints and (2) did not even adequately preserve the agency's discretion to disapprove an award based upon budgetary limitations. The NTEU petitioned this court for review.
 
 
 11
 We deny the petition upon the second ground given by the FLRA. According to the NTEU's proposal, if "budgetary constraints do not permit" the agency to provide the performance awards, then "the agency shall notify the Union at the earliest date, and the Union may reopen this Article for negotiations." The precise import of the union's proposal is unclear, but it appears that regardless of whether the NTEU chooses to renegotiate the performance awards term, the PTO might still be obligated to pay the awards--until such time perhaps as a new agreement releasing the obligation is reached. Moreover, nothing in the union's proposal guarantees that the outcome of this renegotiation process will adequately protect the agency's discretion to disapprove an award for budgetary reasons.
 
 
 12
 We recognize that the union may be able to remedy these infirmities. If the NTEU does so, and resubmits the proposal to the PTO, then the FLRA's first ground--its holding that 5 C.F.R. § 430.503(c)(1) is inconsistent with the union's proposal to establish substantive awards criteria--may become determinative. Although we expressly reserve judgment on this issue, we do note a significant difficulty with the Authority's position.
 
 
 13
 The FLRA states that the OPM regulation requires an agency to preserve broad discretion for the official reviewing performance awards: According to the FLRA, not only is the NTEU's proposal inconsistent with the regulation, but it would also be inconsistent with the regulation for an agency on its own to enact substantive performance awards criteria similar to those proposed by the union here. This may indeed be the proper interpretation of the OPM regulation, but such a meaning hardly leaps off the face of the regulation. Moreover, the implication to be drawn from the regulation is sufficiently elusive that the FLRA has itself been on both sides of the issue presented here. Compare, e.g., NTEU and Department of Commerce, PTO, 30 F.L.R.A. 1219 (1988) (proposal negotiable) with Tidewater Virginia Federal Employees Metal Trades Council and Department of the Navy, Norfolk Naval Shipyard, 37 F.L.R.A. 938 (1990) (proposal non-negotiable).
 
 
 14
 When an OPM regulation is so susceptible to differing interpretations, we would think it helpful for the Authority to ask the OPM for "an advisory opinion concerning the proper interpretation of ... regulations ... issued by the [OPM]." 5 U.S.C. § 7105(i). In the absence of such input from the only agency whose interpretation of the regulation in dispute is entitled to the deference due the author, see Udall v. Tallman, 380 U.S. 1 (1965), and because it is not necessary to the present resolution of this case, we venture no guess of our own as to the meaning of the OPM regulation.
 
 
 15
 For the foregoing reasons, the petition for review is
 
 
 16
 Denied.